## MISSOURI PAC. RY. CO. *v.* TEXAS & P. RY. CO., (BLAESSER, Intervenor.)

*(Circuit Court, E. D. Louisiana. January 7, 1890.)*

RAILROAD COMPANIES—RECEIVERS—INJURIES TO EMPLOYE—WAGES DURING RECOVERY.
    Under the rule in *Freundlich's Case*, 33 Fed. Rep. 701, a receiver of a railroad company ordered to pay wages to an employe of the road during recovery from injuries received in the line of his duty, and without fault.

In Equity. On exceptions to master's report.
*Rouse & Grant*, for intervenor.
*Howe & Prentiss*, for receiver.

PARDEE, J. The intervenor claims damages for personal injuries received by him from the falling of a section-house of the defendant; for the pain and suffering occasioned thereby; for the amount of his wages during the time he was unable to work; and the further sum of $206.10, for the loss of certain of his personal effects by the loss of said house,— and charges that the section-house was old, rotten, and in a dangerous condition; that of this the receiver was repeatedly warned; and that the receiver promised to have the house properly repaired, but failed to have it done; that the house fell upon intervenor during a storm, the night of August 19, 1888, causing the injuries for which he asks damages. The master finds:

"*First*, that the section-house was safe, and sufficient for its purpose, and discharged the degree of care required by law of the railway company; *second*, that the receiver was not notified that the house was dangerous, but that it leaked, and needed partitions to separate the laborers occupying it; *third*, that the storm was of such an unusual and terrific character, so little to be expected, that the failure on the part of the defendant to build the section-house strong enough to resist the pressure of such a wind was not any lack of ordinary care and prudence, but that the destruction of the section-house was due to the act of God."

The exceptions presented to these findings have rendered it necessary to examine and consider the evidence submitted in the case, and such examination and consideration I have given. I find the weight of the evidence supports these findings, and that the exceptions thereto are not well taken. This disposes of the intervenor's main case.

The evidence, however, shows that the intervenor, an employe of the receiver, was injured in the line of his duty, and without his apparent fault; and thus his case is brought within the rule of *Freundlich's Case*,

33 Fed. Rep. 701, allowing wages to be paid to an employe injured in the line of his duty and without fault.

The following order will be entered in the case: This cause came on to be heard on the exceptions of intervenor to the master's report, and was argued; whereupon it is ordered, adjudged, and decreed that the said report be .so amended as to recommend that intervenor receive wages for four months, under the rule in *Freundlich's Case*, and that, as amended, all exceptions be overruled, and the said report confirmed. It is further ordered and adjudged that the intervenor do recover of the receiver wages at the rate of $60 per month for four months from August 19, 1888, the date of injury, and the costs of this intervention; the said judgment to be paid by the defendant railway company, under the obligations assumed under the order of this court restoring possession.