THOMAS v. EAST TENNESSEE, V. & G. RY. CO., (COOK, Intervener.)

(Circuit Court, N. D. Georgia. February 17, 1894.)

RECEIVERS—INJURIES TO EMPLOYES—COMPENSATION.

Where a person in the employ of a receiver has been injured in the discharge of his duty without negligence on the part of either, the court may order that his wages be paid him for the time during which he was disabled, in the view that the officers of the court should be required to act towards their employes as persons of ordinary humanity and right feeling would act under similar circumstances; but such compensation should be confined to faithful and deserving employes, and to those who merit such consideration. Missouri Pac. Ry. Co. v. Texas & P. Ry. Co., 33 Fed. 701; Id., 41 Fed. 319,—limited.

In Equity. On exceptions to master's report. Intervening petition of Frank G. Cook in the suit of Samuel Thomas against the East Tennessee, Virginia & Georgia Railway Company. Exceptions sustained.

Smith, Glenn & Smith, for plaintiff.
Dorsey, Brewster & Howell, for defendant.

NEWMAN, District Judge. This was an action against Henry Fink and Charles M. McGhee, receivers of the East Tennessee, Virginia & Georgia Railway Company, to recover damages for injuries alleged to have been sustained by the intervener by reason of the negligence of the servants and agents of the receivers. The special master found that both the intervener and the receivers were free from negligence; that there was no liability on the part of the receivers to the intervener for his injuries. He suggests to the court, however, on the authority of Missouri Pac. Ry. Co. v. Texas & P. Ry. Co., 33 Fed. 701; Id., 41 Fed. 319,—decided by Circuit Judge Pardee,—the propriety of requiring the receivers to pay to the intervener his wages for the time he was actually laid up on account of his injuries. To pay the intervener for his lost time is a mere gratuity, of course, there being no legal liability on the part of the receivers. The view of the circuit judge doubtless was that the receivers, as officers of the court, should be required to act towards their employes as persons of ordinary humanity and right feeling would do under similar circumstances towards their employes. If an individual acting for himself, or even as head of the corporation, who has a faithful employe who is injured, although without any fault on the part of the employer or the other employes, the injured employe being himself free from fault, the employer, if actuated by proper feeling, would feel disposed to at least allow the injured person compensation for his lost time. As stated, it was probably this view of the matter which actuated the circuit judge in making the orders he did in the cases named. No views are expressed and no reasons are given by the circuit judge such as to show to what extent or to what character of cases he believes the rule should be applied.

Instruction by the court to receivers to compensate injured employes under the circumstances and for the reasons above stated, it seems to me, should be confined to faithful and deserving employes, and to those who merit such consideration at the hands of the employer. It could hardly be claimed that if a receiver had in his service an employe who had been negligent and unfaithful in the discharge of his duties, and who had been kept in his service simply because he had no one for the time being to supply his place, and such employe was injured without fault on the part of the receivers, the court would require them to pay such person anything in a case where they are not legally liable. It seems to me that, while the court might very well direct its officers to do that which a just employer would ordinarily do, it would not require him to go beyond that, and give the money which he holds for the benefit of the creditors of the corporation to one wholly undeserving. To hold that it is the duty of receivers of a railroad in every case where an employe is injured, and both the receiver and employe are free from fault, to pay the employe his wages for his lost time, would establish a rule which would necessarily drift into a matter of legal right, and ingraft an entirely new principle on our jurisprudence. This I do not believe the circuit judge intended. His orders were doubtless confined to the par-

ticular cases before him, which were probably such as commended themselves to him, and there was no intention to establish a precedent or a new rule of law such as I have indicated. With this expression of views on the subject, it is ordered that this case be referred back to the special master for the purpose of determining whether or not, considered as above indicated, the intervener is entitled to have from the receivers his wages for his lost time.